**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DEON ERNEST LAWRENCE,
                        Plaintiff,

   v.                                    No. 05-CV-653
                                            (FJS/DRH)

KEALY, New York State Trooper;
HOUGHMASTER, New York State
Trooper; NEW YORK STATE POLICE
DEPARTMENT; and STATE OF NEW
YORK,
                        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DEON ERNEST LAWRENCE<br>05-B-1123<br>Plaintiff Pro Se<br>Gowanda Correctional Facility<br>Post Office Box 311<br>Gowanda, New York 14070 | |
| HON. ELIOT SPITZER<br>Attorney General for the<br> State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | STEPHEN M. KERWIN, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Deon Ernest Lawrence ("Lawrence"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983. Lawrence contends that the defendants violated his constitutional

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights.  Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss the complaint in part as to defendants New York State Police Department, the State of New York, and defendants Kealy and Houghmaster in their official capacities pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[2]  Docket No. 19.  Lawrence opposes the motion.  Docket No. 22.  For the reasons which follow, it is recommended that defendants' motion be granted.

## I. Background

The facts as alleged in the complaint are assumed to be true for the purposes of this motion.  See subsection II(A) infra.

On or about May 23, 2003, Lawrence was arrested by Kealy and Houghmaster in Watertown, New York.  Compl. at ¶ 6.  After Lawrence was handcuffed and shackled, Kealy and Houghmaster slammed Lawrence face-first into concrete causing "cuts, bruises, a complete broken tooth and a busted upper lip" that required treatment at an emergency room.  Id.  This action followed.

## II. Discussion

Lawrence asserts three causes of action, each against all defendants.  The first alleges that defendants used excessive force, the second that defendants failed to protect him, and the third that defendants inflicted cruel and unusual punishment.  Defendants seek

---

[2] On October 22, 2005, the instant motion to dismiss was made on behalf of defendant State of New York and defendants Kealy and Houghmaster.  See Docket No. 19.  On November 3, 2005, after being served with the summons and complaint in this action, defendant New York State Police Department requested to join the pending motion to dismiss.  Docket No. 24.  This Court granted the request.  Docket No. 27.

dismissal of all claims against the two state entities and of all claims against Kealy and Houghmaster in their official capacities.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
.

### B. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing

Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Thus, the Eleventh Amendment bars Lawrence from asserting his claims here against the New York State Police Department and the State of New York.

A suit brought against a person in his or her official capacity must be treated as a suit against the entity represented by that person, provided that the public entity received notice and an opportunity to respond. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In an official capacity action, a governmental entity is liable under § 1983 only when the entity itself is the "moving force" behind the deprivation. Kentucky v. Graham, 473 U.S. 159, 166 (1985). In other words, "the entity's 'policy or custom' must have played a part in the violation of federal law" for liability to attach. Id. at 166 (citations omitted); Hafer v. Melo, 502 U.S. 21, 25 (1991). Lawrence fails to allege that a policy or custom of any state entity contributed in any way to the alleged constitutional deprivations and, therefore, the Eleventh Amendment also bars Lawrence's claims against Kealy and Houghmaster in their official capacities.

Accordingly, defendants' motion to dismiss should be granted and the case should proceed only against Kealy and Houghmaster in their individual capacities.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 19) be **GRANTED**, and that:

1. All claims be **DISMISSED** against the New York State Police Department and the State of New York; and

2. All claims be **DISMISSED** against Kealy and Houghmaster in their official capacities and that the case proceed against these two defendants solely in their individual capacities.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: January 31, 2006
Albany, New York

David R. Homer
United States Magistrate Judge