**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DEON ERNEST LAWRENCE,
                            Plaintiff,

    v.                                                     No. 05-CV-653
                                                        (FJS/DRH)

HOUGHMASTER, New York State Trooper;
and JOSEPH SIMPSON,
                            Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

DEON ERNEST LAWRENCE
Plaintiff Pro Se
927 State Street
Schenectady, New York 12307


HON. ANDREW M. CUOMO               STEPHEN M. KERWIN, ESQ.
Attorney General for the                Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Deon Ernest Lawrence ("Lawrence"), an inmate formerly in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that two New York State Troopers violated his

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 61).[2] Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Docket No. 75. Lawrence failed to respond. For the following reasons, it is recommended that the amended complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 41(b) for Lawrence's failure to prosecute and to notify the Court of his change of address.

## I. Background

On May 23, 2003 at approximately 1:00 a.m., Lawrence and his girlfriend left their room at the New Parrot Motel in Watertown, New York and went to another room to attend a party where four minors and one adult were eating pizza and drinking alcohol. Defs. Statement of Material Facts (Docket No. 75, pt. 12) ¶¶ 4-5. During the evening, Lawrence offered alcohol to a minor girl and attempted to remove the pants and lift the shirt of another of the minor females. Id. ¶¶ 6-7. When one of the males in the room attempted to intervene, Lawrence "punched and choked him and threw him over a patio railing." Id. ¶ 9.

At approximately 4:35 a.m., Simpson and Houghmaster were dispatched to the motel pursuant to reports of two males fighting. Id. ¶ 1, 9. Lawrence was arrested and handcuffed behind his back. Id. ¶ 10. Upon arrest, Lawrence was noted "to be acting bizarrely . . . displaying mood swings from [being] cooperative to [being] belligerent, combative and destructive." Id. ¶ 3. Additionally, "[f]rom the time of his arrest until the

---

[2] On February 21, 2006, the district court dismissed Lawrence's claims against the New York State Police Department, the State of New York, and the claims against the individual defendants in their official capacities. Docket No. 29. On April 3, 2007, Lawrence was granted permission to file an amended complaint naming Houghmaster and Simpson as defendants. Docket No. 59.

incident at issue, [Lawrence] relentlessly disobeyed defendants' instructions," kicked the rear windows and door of the patrol car so violently that he dislodged the armrest from the door, and repeatedly unbuckled his seatbelt which defendants had to continue to re-secure. Id. ¶¶ 12-14.

Lawrence was taken to the Watertown Town Court for arraignment. Id. ¶ 15. During the court proceeding, Lawrence "persistently interrupted [the town judge] . . . and when . . . advised . . . of his commitment to Jefferson County Jail [("Jefferson")] . . . [Lawrence] dropped onto his knees and began crying . . . [i]gnoring defendants' orders to sit back in the chair." Id. ¶¶ 17-18. Lawrence then stood, protesting that he could not go to jail. Id. ¶ 18. When the defendants began escorting Lawrence from the court, he "banged his head against the wall of the court room," attempted to refuse to walk by tightening his body, and grabbing at defendants' hands and fingers as they were leading him from the room. Id. ¶¶ 19-20.

Houghmaster and Simpson successfully escorted Lawrence from the courthouse but "had great difficulty getting [him] to move to and enter the patrol vehicle." Id. ¶ 21. Once Lawrence arrived at the vehicle, he refused to obey repeated instructions to enter the vehicle and began arguing with Simpson. Id. ¶ 22. Houghmaster was near the trunk of the vehicle, holding the court paperwork. Id. Simpson attempted physically to direct Lawrence into the car at which time Lawrence stiffened and rammed his chest into Simpson, causing Simpson to lose his balance. Id. ¶¶ 24-26. Simpson feared that Lawrence would attempt to flee or become more combative, so "he grabbed [Lawrence's] right arm, stepped aside, and steered [him] to the ground" to regain control. Id. ¶ 27.

As a result of Simpson's actions, Lawrence "sustained a laceration to his upper lip and

abrasions to his forehead and shoulder." Id. ¶ 29. Houghmaster and Simpson requested emergency medical care, immediately began administering first aid, and contacted their supervisor to advise of the injury to Lawrence. Id. ¶ 30. Trooper Politio responded to the scene. Id. ¶ 32. He observed Houghmaster and Simpson attempting to administer first aid and Lawrence refusing to cooperate with them or to obey their instructions to remain on the ground. Id. ¶ 33-34. Politio also observed Lawrence refuse to cooperate with the paramedics that responded to the scene and spit blood at both himself and the paramedics. Id. ¶ 36. Lawrence was then shackled and transported to Samaritan Medical Center in Watertown. Id. ¶¶ 37-38.

At the hospital, Lawrence "was belligerent toward [the treating physician] and the other hospital staff," and refused treatment. Id. ¶ 41. After his release, Lawrence was transported back to Jefferson for incarceration. Id. ¶ 42. In a sworn statement after the incident, Lawrence stated that Simpson "dumped [him] to the ground because [he] was refusing to go to jail . . . .The State Troopers were trying to put me in the back seat of their patrol car and I did not want to get in . . . so I was trying to get out just before he dumped me." Id. ¶ 28. This action followed.

Lawrence's last contact with the Court was the amended complaint which he filed on May 9, 2007 while incarcerated. Docket No. 61. It appears that Lawrence was released from DOCS custody in July 2007, See DOCS Inmate Information (visited July 29, 2008), <http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ2/WINQ120>. Since the amended complaint was filed, correspondence from the Clerk's Office has been returned to the Court

as undeliverable on four occasions. Docket Nos. 74, 77-79.[3]

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2(b). Additionally, Local Rule 10.1(b)(2) provides that all pro se litigants must immediately notify the Court of any change of address. "Failure to notify the Court of a change of address in accordance with [Local Rule 10.1(b)(2)] may result in the dismissal of any pending action." Warren v. Artus, No. 05-CV-1032 (LEK/DEP), 2007 WL 1017112, at *2 (N.D.N.Y. Mar. 30, 2007) (quoting N.D.N.Y.L.R. 41.2(b)).

Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of

---

[3]The mail was addressed to Lawrence at the Schenectady address listed above for Lawrence which had been provided by defendants as their last known address for Lawrence. Docket entry dated 11/06/2007.

lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Lawrence has failed to communicate with opposing counsel or the Court for the past fourteen months. Defendants have attempted to resolve this issue by providing the Court with Lawrence's last known address but to no avail. It is unclear where Lawrence is located and whether he has received in the last year any of the correspondence sent to and from the Court, including the present motion for summary judgment. The duration of Lawrence's failure is substantial and no end to the inaction appears in sight. See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Moreover, it is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case. See Fenza v. Conklin, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.). Lawrence has failed in both regards.

The prejudice to defendants from Lawrence's continued failures results primarily from the need of their counsel to expend unnecessary time attempting to communicate with Lawrence both formally and informally and researching and filing motions seeking resolution of the case.

The need to alleviate court calendar congestion is best evidenced here by the age of this case. This case, which is not unduly complex, has now been pending for over three years. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions); see also Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq (mandating reduction in the delay and cost of civil cases). This action has thus been pending for an inordinate period of time

solely as the result of Lawrence's actions and inactions.  Against this delay must be balanced Lawrence's right to due process.  Lawrence's failure to maintain contact with opposing counsel or the Court has made impossible any recourse to permit Lawrence to respond to defendants' motion or otherwise proceed with the case.  Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Lawrence's repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to continue to litigate the present case.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Lawrence's amended complaint (Docket No. 61) be **DISMISSED** in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 30, 2008
       Albany, New York

_David R. Homer_
United States Magistrate Judge